IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED
MAY 20 2013
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| ROCHELLE HART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CJ-2011-731 |
| ) | Judge Mary Fitzgerald |
| JENNIFER DAVINA LAY and ) | |
| NATIONWIDE PROPERTY & CASUALTY ) | |
| INS. CO., ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT NATIONWIDE PROPERTY & CASUALTY INS. CO.

COMES NOW the Defendant, Nationwide Property & Casualty Ins. Co., by and through its attorneys of record, Jason A. Robertson and Gerald P. Green, of the law firm Pierce Couch Hendrickson Baysinger & Green, Tulsa, Oklahoma, and for its Answer to the First Amended Petition for Damages of the Plaintiff as filed herein, alleges and states as follows:

1. This Defendant denies both generally and specifically each and every material allegation contained in Plaintiff's First Amended Petition for Damages and demands strict proof thereof by a preponderance of the evidence except as set forth otherwise herein below.

2. This Defendant admits Plaintiff had in force an automobile insurance policy for which she regularly paid premiums. However, this Defendant would state it is without knowledge or information sufficient to allow the formation or an opinion or belief as to the truth of the remaining allegations asserted in paragraph 1 of Plaintiff's First Amended Petition and therefore, denies the same.

3. This Defendant admits it has had contact with Plaintiff's attorneys regarding underinsured motorist benefits. However, this Defendant denies that is has not responded

as alleged in paragraph 2 of Plaintiff's First Amended Petition, and demands strict proof thereof.

4. This Defendant denies the allegations contained in paragraphs 3 and 4 of Plaintiff's First Amended Petition and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. This Defendant denies that it, its agents, servants or employees were guilty of any act or conduct constituting a breach of contract or bad faith claims handling. To the contrary, this Defendant alleges that at all times, its agents, servants or employees were consistent with their duties, responsibilities and obligations in providing insurance coverage and handling claims in a responsible, professional and fair manner.

2. This Defendant denies that it has committed insurance bad faith upon the grounds that there exists a legitimate disagreement and/or dispute between it and the plaintiff in regard to its insurance claim.

3. This Defendant did not deny Plaintiff's claim for benefits when it was presented.

4. Plaintiff's First Amended Petition fails to state a cause of action for punitive damages.

5. Plaintiff's First Amended Petition, to the extent that it seeks punitive damages, violates Defendant's right to both procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Oklahoma in that:

   A. The standards under which such claims are submitted are so vague as to be effectively meaningless and threaten the deprivation of property for the benefit of society without the protection of fundamentally fair procedures;

B.   The highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures and any statutory limitations;

C.   The introduction of evidence of financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of injury;

D.   Oklahoma Law does not place a reasonable constraint on the jury's discretion when considering punitive damages;

E.   Oklahoma Law does not provide sufficient post-trial procedures and standards, at the District Court level, for scrutinizing a punitive damage award;

F.   Oklahoma law is not sufficiently established for adequate appellate review of punitive damage awards.

6.   Plaintiff's First Amended Petition, to the extent it seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of Oklahoma.

7.   Plaintiff's First Amended Petition, to the extent it seeks punitive damages, violates Defendant's right to equal protection under the law and is otherwise unconstitutional under the United States Constitution and the Constitution of the State of Oklahoma.

8.   Plaintiff's claim for punitive damages is unconstitutional and in violation of the due process clauses contained in the Fifth and Fourteenth Amendments to the United States Constitution and in Section 7, Article II of the Oklahoma Constitution in that, among other reasons, the standards for an award of punitive damages are unconstitutionally vague, and the issue is so prejudicial as to render an award the product of bias and

passion in a way lacking the basic elements of fundamental fairness, in the absence of existing statutory limitations on a maximum possible award, and could unfairly result in an award bearing no relation to the nature and extent of Plaintiff's injuries.

9. Plaintiff's claim for punitive damages is unconstitutional under Article II, Section 9 of the Oklahoma Constitution in that, among other reasons, it constitutes an excessive fine designed to punish a wrongdoer for the benefit of society.

10. Plaintiff's claims for punitive damages are contrary to the United State Supreme Court decision in *State Farm v. Campbell*, 123 S.Ct. 1513, (2003).

11. If there are any material allegations which this Defendant has not denied which adversely affect its rights it here and now denies the same.

## JURY DEMAND

This Defendant hereby demands a jury trial.

## AMENDMENTS TO ANSWER

This Defendant specifically reserves the right to amend this Answer to include additional general or affirmative defenses upon the completion of discovery.

WHEREFORE, having fully answered the First Amended Petition of the Plaintiff on file herein, this Defendant respectfully request that this Court dismiss this action, or in the alternative, that judgment be rendered in its favor together with costs, attorney's fees and such other relief to which it may be entitled.


Respectfully submitted

***PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P.***

*[signature]*

Jason A. Robertson, OBA #17696
907 South Detroit, Suite 815
Tulsa, Oklahoma 74120
Telephone: 918-583-8100
Facsimile: 918-583-8107
jrobertson@piercecouch.com

- AND -

Gerald P. Green, OBA #03563
P.O. Box 26350
Oklahoma City, Oklahoma 73126
Telephone: 405-235-1611
Facsimile: 405-235-2904
jgreen@piercecouch.com

*Attorneys for Defendant*
*Nationwide Property & Casualty Ins. Co.*

5

## CERTIFICATE OF SERVICE

I hereby certify that a full, true and correct copy of the above and foregoing document was served on the 20th day of May, 2013, via:

- [x] U.S. First Class Mail, proper postage prepaid;
- [ ] Certified Mail, Return Receipt Requested;
- [ ] Facsimile;
- [ ] Hand Delivery;
- [ ] Overnight Express Delivery;

to the following counsel of record:

Richard E. Warzynski
G. Steven Stidham
*Sneed Lang Herrold*
1700 Williams Center Tower I
One W. 3rd St.
Tulsa, OK 74103-3522
Facsimile: 918-582-0410
*Attorneys for Plaintiff*

Timothy Crow
Schroeder & Associates
110 W. 7th St., 12th Fl.
Tulsa, OK 74119
Facsimile: 918-665-3483
*Attorneys for Defendant,*
*Jennifer Davina Lay*